IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| PEDRO H CONTRERAS, *et al* | § | CASE NO: 01-23990 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| PEDRO H CONTRERAS, *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-2024 |
| | § | |
| US DEPT OF VETERANS AFFAIRS, *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On this day came on for consideration the Motion for Summary Judgment filed by the Plaintiffs, Pedro H. Contreras and Barbara G. Contreras (the "Plaintiffs"). The Court having heard the arguments of counsel and having considered the summary judgment evidence, finds that there are no genuine issues of material fact and the Motion for Summary Judgment should be granted.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), F.R.C.P.; *Celotex  Corp. v. Catrett* , 477 U.S. 317, 322 (1986). To support a motion for summary judgment, the moving party has the burden of establishing the absence of a genuine issue as to any material fact. Moreover, the material in the motion must be viewed in the light most favorable to the opposing party. *Adickes v. S.H. Kress & Co* ., 398 U.S. 144, 157 (1970). The non-moving party, however, "must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc* ., 144 F.3d 377, 380 (5th Cir.

1998).

Here, the Defendant, Pioneer Credit Recovery, Inc. ("Pioneer") filed a Response in Opposition to Plaintiff's Motion for Summary Judgment. Pioneer's response, however, did not include any supporting evidence or affidavits. Accordingly, the facts alleged by Plaintiffs in their Motion for Summary Judgment are uncontroverted. Plaintiffs met their burden of establishing the lack of any genuine issue of material fact and viewing the summary judgment evidence in the light most favorable to Pioneer, the Court finds that Pioneer violated the discharge injunction of 11 U.S.C. §524(a).

The Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. §524(a)(2). Pioneer continued in its collection efforts after having actual notice of Plaintiffs' bankruptcy discharge and after direct communication with Plaintiffs' attorney. Pioneer did not cease its collection efforts until this lawsuit was filed.

"The discharge injunction granted by section 524(a) is a substantive right conferred by the Bankruptcy Code, often enforced by a motion for contempt." *Matter of National Gypsum Co* ., 118 F.3d 1056 (5th Cir. 1997).If a creditor's violation of the discharge injunction is willful, the creditor may be liable for contempt under 11 U.S.C. §105. *In re Poole* , 242 B.R. 104, 110 (Bankr.N.D.Ga. 1999).  "As with the test for violations of the automatic stay, violation of the discharge injunction is 'willful' if the creditor knew the discharge injunction was invoked and intended the actions which violated the discharge injunction." *Id*. "In order to support a finding of contempt under 11 U.S.C. §524(a)(2), there must be showing that the order of discharge alleged to have been violated is specific and definite and that the offending party has knowledge

of the Court's order." *In re Patrick* , 300 B.R. 915, 917 (Bankr. S.D.Ill. 2003).

Pioneer argues that it relied on its client, the U.S.Treasury, which advised Pioneer that the debt was valid and collectible. Pioneer submitted no summary judgment evidence to support this contention. Even if taken as true, the argument has no legal basis. A collection agency may be held liable for violation of the discharge injunction. See*, Poole, supra* . (law firm for creditor held liable for violation of discharge injunction when it had actual knowledge of discharge), *In re Patrick, supra* . Moreover, Plaintiffs' uncontroverted evidence demonstrates that Pioneer had actual knowledge of the Plaintiffs' discharge and no knowledge needs to be imputed to Pioneer.

The uncontroverted evidence also indicates that Pioneer violated 15 U.S.C. §§ 1692e and 1692f, of the Fair Debt Collection Practices Act. Despite actual knowledge of the Plaintiffs' bankruptcy and subsequent discharge, Pioneer continued its collection efforts against Plaintiffs, even to the point of threatening garnishment. Pioneer's reliance on the government's incorrect legal theory is misplaced and, more importantly, unproven by any summary judgment evidence.

The Court finds that Plaintiffs' Motion for Summary Judgment should therefore be granted as to Pioneer's liability and the case should be set for trial on damages.

It is therefore ORDERED that Plaintiffs' Motion for Summary Judgment against Pioneer Credit Recovery is hereby GRANTED.

It is further ORDERED that a scheduling order shall issue regarding trial on the damages portion of this lawsuit.


SIGNED 01/26/2007.

RICHARD S SCHMIDT
United States Bankruptcy Judge